IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
December 30, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_\_lad\_\_\_\_
DEPUTY

------------------------------------------------X
:
JERRY D. ALEXANDER,                              :
                                                 :
    Plaintiff,                                  :  Civil Action No.  **6:24-cv-00626**
                                                 :
    v.                                           :
                                                 :
CORNING INCORPORATED                             :  JURY TRIAL DEMANDED
                                                 :
                                                 :
    Defendant.                                   :
                                                 :
------------------------------------------------X

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Jerry D. Alexander ("Alexander"), represented pro se, brings this action against Corning Inc. ("Corning"), to prevent the Defendant's continued use of Plaintiff's patent without authorization and to recover damages resulting from such unauthorized use.

1. Plaintiff Alexander is a Tennessee individual residing in Memphis, Tennessee.

2. Alexander is the owner and inventor of all right, title, and interest in U.S. Patent No. 11,037,489 (the "'489 Patent").

3. On information and belief, Defendant Corning is a New York corporation with manufacturing and servicing locations present within Texas. On information and belief, Corning designs, manufactures, and provides throughout the United States a range of articles utilizing the high-strength transparent products claimed within the '489 Patent.

4. On information and belief, the Defendant has been making, using, offering for sale or selling of at least one infringing product.

1

## The Patent-in-Suit

## FACTUAL ALLEGATIONS

5. The '489 Patent relates to a novel article comprising high-strength transparent materials, including broadly defined glass materials, to which a film or films or OLED arrays have been attached, embedded, etc., with a wireless controller to effectuate displays within and/or on the glass materials through such OLED film arrays to provide displays for viewing. This technology is unique in that the high-strength transparent materials had not been utilized together with such OLED films previously.

6. The '489 Patent was filed as U.S. Patent Application No. 15/932,923 on May 22, 2018, and issued, without any fundamental or art-based claim amendments (amendments necessitated in response to art rejections, in other words), on June 15, 2021.

7. On information and belief, Corning provides certain products that utilize the same patented technology as within the '489 Patent, namely, at least "Living Hinge" products that include high-strength transparent materials (exotic materials such as Gorilla® Glass technology) with embedded OLED films therein and processors connected thereto for displays to be externally viewed.

8. Alexander is informed and believes, and on this basis alleges, that subsequent to June 15. 2021, Corning has continued to make use, sell, and offer for sale throughout the United States such Infringing Products. As an example, Corning specifically has announced Living Hinge products being sold for vehicle dashboards as well as mobile telephones on its own website, http://www.corning.com/us/mobile/phones/. Corning's making, using, selling, offering to sell and importation of the Accused Products into the United States constitutes direct infringement under 35 U.S.C. § 271(a).

9. On information and belief, Corning actively induced, and continues to actively induce, direct infringement of the Patents-in-Suit by such acts, in violation of 35 U.S.C § 271(b). For example, Defendant's customers who purchase the infringing Living Hinge Products and operate the Accused Products in accordance with instructions provided by Corning directly infringe one or more claims of the Patents-in-Suit.

10. Alexander is informed and believes, and on this basis alleges, that Corning has further induced infringement by remaining willfully blind to its customers' infringement despite believing there to be a high probability its customers, among others, infringe the Patents-in-Suit.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Corning because it has substantial, systematic and continuous contacts with this judicial district. Corning has a regular and established place of business in the State of Texas and in this judicial district, and maintains facilities and employees within Texas and within this judicial district. Corning has sold and offered to sell infringing products in this State and judicial district and has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas.

## CLAIM FOR RELIEF

13. Infringement of U.S. Patent No. 11,037,489: Alexander re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

14. The '489 Patent, entitled "High Strength Transparent Articles With Digital Display Arrays And Capabilities," as noted above, was duly and legally issued on June 15, 2021. A true and correct copy of the '489 Patent is attached as Exhibit A. 25. The '489 Patent names Jerry D. Alexander, Plaintiff, as the sole inventor.

15. The '489 Patent has been in full force and effect since its issuance. Alexander owns the entire right, title and interest in and to the '489 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

16. Alexander is informed and believes, and on this basis alleges, that Corning has committed and continues to commit acts of direct infringement of the '489 patent by making, using, selling, offering to sell and/or importing into the United States infringing Products including, without limitation, Living Hinge products, and other infringing consumer products that include similar functionality.

17. Alexander is informed and believes, and on this basis alleges, that Corning has been, and currently is, inducing infringement of the '766 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding third parties to make, use, sell or offer to sell infringing products in the United States, without license or authority from Alexander, with knowledge of or willful blindness to the fact that Corning's actions will induce others, including but not limited to its customers, partners and/or end users, to directly infringe the '489 patent.

18. Alexander is informed and believes, and on this basis alleges, that Corning has intentionally aided and encouraged third parties (including Corning's customers, partners and end users) to use infringing products in the United States in a manner that it knows would infringe or have a high probability of infringing the '489 Patent, with the specific intent that those performing the acts infringe the '489 Patent. Alexander is also informed and believes, and on this basis alleges, that Corning has intentionally aided and encouraged third parties to sell or offer for sale in the United States and/or import into the United States infringing products, having known that the acts it was causing would infringe or have a high probability of infringing the '489 Patent and with a specific intent that those performing the acts infringe the '489 Patent.

19. Alexander is informed, and on this basis alleges, that Corning has been, and currently is, contributorily infringing the '489 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale to third parties, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '489 Patent, are known by Corning to be especially made or especially adapted for use in infringement of the '489 Patent and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the infringing products noted herein. Corning's actions contribute to the direct infringement of the Patents-in-Suit by others, including Corning's customers, partners and/or end users, in violation of 35 U.S.C § 271(c).

20. As a result of Corning's infringement of the '489 Patent, Alexander has been damaged. Alexander is entitled to recover for damages sustained as a result of Corning's wrongful acts in an amount yet to be determined.

21. In addition, Corning's infringing acts and practices have caused and are causing immediate and irreparable harm to Alexander.

22. Corning has had actual knowledge of its infringement of the '489 Patent since no later than June 15, 2021. Alexander is further informed, and on this basis alleges, that Corning's infringement of the '489 Patent has been and continues to be deliberate warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Alexander pursuant to 35 U.S.C. §§ 284-285.

## PRAYER FOR RELIEF

WHEREFORE, Alexander prays for judgment against Corning as follows:

A. That Corning has infringed, and continues to infringe, the Patent-in Suit;

B. That Corning pay Alexander damages adequate to compensate Alexander for Corning's infringement of the Patent-in-Suit, together with interest and costs under 35 U.S.C. § 284.

C. That Corning be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

D. That Corning be ordered to pay supplemental damages to Alexander, including interest, with an accounting, as needed;

E. That Corning's infringement is willful and that the damages awarded to Alexander should be enhanced for up to three times the actual damages awarded;

F. That this is an exceptional case under 35 U.S.C. § 285 and that Corning pay Alexaner's attorney's fees and costs in this action; and

G. That Alexander be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Alexander hereby demands a trial by jury on all issues triable to a jury.

Dated: December 9, 2024

*[Signature]*

Jerry D. Alexander, pro se Plaintiff
1497 Estill Street
Memphis, Tennessee 38109
Tel: (901) 232-6266

Attachment 1 - Civil Complaint

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
__Waco__ DIVISION

_Jerry D Alexander_
(Enter your full name)
    Plaintiff(s)

CASE NUMBER: __6:24-cv-00626__
(Supplied by Clerk's Office)

_Corning Optical Communications_
(Enter full name of each Defendant)
    Defendant(s)

## COMPLAINT

First Paragraph (Name and Address of Plaintiff)

Second Paragraph (Name and Address(es) of Defendant(s))

Third Paragraph (Jurisdiction Plea)

Fourth Paragraph (Allegation 1)

Fifth Paragraph (Allegation 2) ...

The final paragraph should contain a statement of the relief you are seeking. This paragraph should not be numbered.

_Jerry D. Alexander_
Signature
Name (Typed or Printed) _Jerry D. Alexander_
Address _1497 Estill St. mph, TN 38109_
Telephone Number _901-232-6266_

27

Rev. Ed. October 26, 2017