# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

JERRY D. ALEXANDER,

               Plaintiff,

    v.

CORNING INCORPORATED

               Defendant.

**C.A. No. 6:24-cv-00626-LS**

**JURY TRIAL DEMANDED**

**<u>DEFENDANT CORNING INCORPORATED'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................ 1

II.  BACKGROUND ......................................................................................................... 1

   A.  The Parties ..................................................................................................... 1

   B.  The Asserted '489 Patent ............................................................................... 2

   C.  The Present Case ............................................................................................ 3

   D.  The 2022 Automakers Case ........................................................................... 4

III.  LEGAL STANDARD ................................................................................................. 5

IV.  ARGUMENT ............................................................................................................. 6

   A.  The Amended Complaint Fails to State a Claim for Direct Infringement
       Because It Does Not Articulate Why It Is Plausible that the Accused
       "'Living Hinge' Products" Infringe Any Claim of the '489 Patent .................... 6

   B.  The Amended Complaint Should Be Dismissed with Prejudice Because
       Additional Amendment Would Be Futile ........................................................ 9

   C.  The Amended Complaint Fails to State a Plausible Claim For Indirect
       Infringement ................................................................................................ 11

V.  CONCLUSION ........................................................................................................ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adnexus Inc. v. Meta Platforms, Inc.*,
  No. 6:23-CV-152-JKP, 2024 WL 409738 (W.D. Tex. Feb. 2, 2024)...............................7, 8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................6

*Bot M8 LLC v. Sony Corp. of America*,
  4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................6, 7, 8

*CyboEnergy, Inc. v. Altenergy Power Sys. USA, Inc.*,
  No. WA-22-CV-1136-KC, 2023 WL 5968000 (W.D. Tex. Sept. 13, 2023)..........................11

*De La Vega v. Microsoft Corp.*,
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..........................9

*Ferring B.V. v. Watson Labs., Inc.-Florida*,
  764 F.3d 1401 (2014).............................................................................................4, 7

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012)...............................................................................6, 11

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*,
  920 F.3d 890 (5th Cir. 2019) ........................................................................................8

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)...............................................................................6, 11

*Norris v. Hearst Trust*,
  500 F.3d 454 (5th Cir. 2007) ........................................................................................4

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc*,
  No. 6:21-CV-01178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ..........................9

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018)............................................................................5, 6, 10

*Peralta v. California Franchise Tax Bd.*,
  673 F. App'x 975 (Fed. Cir. 2016) ................................................................................6

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Stripling v. Jordan Prod. Co.*,
    234 F.3d 863 (5th Cir. 2000) ...................................................................................9

*United States ex rel. Spicer v. Westbrook*,
    751 F.3d 354 (5th Cir. 2014) ...................................................................................9

*Wahpeton Canvas Co. v. Frontier, Inc.*,
    870 F.2d 1546 (Fed. Cir. 1989)............................................................................3, 7

### RULES

Fed. R. Civ. Proc. 12(b)(6) ...........................................................................1, 4, 5, 8

Fed. R. Civ. Proc. 15(a)(2)....................................................................................9

Fed. R. Civ. Proc. 84..........................................................................................5, 6

## I.    INTRODUCTION

Plaintiff Jerry Alexander's Amended Complaint is grossly deficient. His infringement allegations consist of two conclusory paragraphs that offer no plausible explanation as to how any accused product could utilize, practice, or embody any claim of the asserted patent. In this regard, it is noteworthy that Mr. Alexander's infringement allegations cite a web page that does not exist. These deficiencies are incurable because, among other reasons, the asserted patent's only independent claim requires something that no real-world display device has or does—i.e., "a transparent film [that] emits organic light emitting diodes and LED sensors." Mr. Alexander should know better. The Amended Complaint is even more deficient than a vague complaint he filed in a prior patent lawsuit about two years ago that was dismissed for failing to state a claim.

Defendant Corning Incorporated therefore respectfully requests the Court dismiss with prejudice plaintiff Mr. Alexander's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to plead a plausible theory of patent infringement. The Amended Complaint fails to give Corning notice of what the infringement claim is and the grounds upon which it rests. Dismissal with prejudice is warranted because the infringement claim cannot be corrected through amendment.

## II.    BACKGROUND

### A.    The Parties

Defendant Corning Incorporated is one of the world's leading innovators in materials science that traces its origins to a glass business established in 1851. For more than 170 years, Corning has applied its expertise in glass science, ceramics, and optical physics along with its deep manufacturing and engineering capabilities to develop category-defining products that transform industries and enhance people's lives. Corning succeeds through sustained investment in research and development and a unique combination of material and process innovation. Corning's products

enable diverse industries such as consumer electronics, telecommunications, transportation, and life sciences. They include damage-resistant cover glass for smartphones and tablets; precision glass for advanced displays; optical fiber, wireless technologies, and connectivity solutions for high-speed communications networks; trusted products that accelerate drug discovery, manufacturing, and packaging; and emissions-control products for motor vehicles.

Plaintiff Jerry Alexander is *pro se*. He is the named inventor of the asserted patent, U.S. Patent No. 11,037,489 ("the '489 patent"; ECF No. 1-1).

**B.    The Asserted '489 Patent**

The '489 patent is titled, "High Strength Transparent Articles With Digital Display Arrays And Capabilities." The '489 patent has 17 claims. Claim 1 is the only independent claim and defines "[a] transparent display device." Claim 1 reads as follows:

---

1. A transparent display device comprising:

i) a base structure of a transparent material selected from the group of transparent aluminum alloy, transparent exotic material, transparent wood, transparent ceramic spinel, and transparent invisible metal,

ii) a transparent film emits organic light emitting diodes and LED sensors, while further emitting visible letters, numbers, messages, graphic images, and any combination thereof, through said light emitting diodes,

wherein said transparent film is coupled to said base structure, said coupling including embedding within, laminating to the surface of, attaching to the surface of, or applying to the surface of,

and iii) a wireless portable unit with image display is attached directly to said transparent film wherein said display is configured to display input commands to said transparent film;

wherein said unit includes a power console with a smart digital controller, wherein said smart digital controller is configured to send data to said display.

---

ECF No. 1-1, 5:45-6:9. Claims 2-17 depend from claim 1.

The claims of the '489 patent are fantastical and indefinite. Among other problems, the claims require non-existent things such as "transparent *invisible metal*" and use hopelessly vague terms such as "transparent *exotic material*." *See* claim 1 above (emphasis added). Furthermore, the claims require something that no real-world display device has or does—i.e., "a transparent film [that] emits organic light emitting diodes and LED sensors, while further emitting visible letters, numbers, messages, graphic images, and any combination thereof, through said light emitting diodes." *Id.* Organic light emitting diodes and LED sensors are electronic components. The plain language of claim 1 (and therefore every claim) defines a display device having a transparent film that "emits" or casts off or throws off electronic components. No display device in the real world does that.

## C.    The Present Case

On December 10, 2024, Mr. Alexander filed the original complaint in this action against "Corning Glass, Inc."—a non-existent entity—alleging infringement of the '489 patent. *See* ECF No. 1. On December 30, 2024, Mr. Alexander filed an Amended Complaint naming Corning Incorporated as defendant instead of Corning Glass, Inc. *See* ECF No. 8 ("Am. Compl."). The Amended Complaint alleges on information and belief that "Corning has committed and continues to commit acts of direct infringement of the '489 patent." Am. Compl., ¶16. The Amended Complaint further alleges on information and belief that "Corning has intentionally aided and encouraged third parties (including Corning's customers, partners and end users) to use infringing products in the United States in a manner that it knows would infringe or have a high probability of infringing the '489 Patent[.]" *Id.* at ¶18.

The Amended Complaint does not identify any specific claims that are allegedly infringed by Corning. "It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed[.]" *Wahpeton Canvas Co. v.*

*Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989); *see also, e.g.*, *Ferring B.V. v. Watson Labs., Inc.-Florida*, 764 F.3d 1401, 1411 (2014) ("Because we hold that the asserted independent claims of Ferring's patents are not infringed, the asserted dependent claims are likewise not infringed."). Accordingly, for purposes of this Motion, Corning addresses claim 1 because Mr. Alexander's failure to state a claim of infringement for claim 1 necessarily means that he has failed to state a claim for all claims of the '489 patent.

### D.    The 2022 Automakers Case

On November 14, 2022, Mr. Alexander sued automakers BMW, Audi, Ford, Porsche, General Motors, and Volvo in the District of Delaware alleging infringement of U.S. Patent No. 7,866,861 ("the '861 patent") and seeking monetary relief in the amount of two billion dollars. *Alexander v. BMW of N. Am. LLC*, No. 1:22-cv-01488-CFC, ECF No. 1 (attached hereto as Exhibit A) (D. Del. Nov. 14, 2022) (hereinafter, "Automakers Case").[1] The complaint accused the defendants' heads-up display systems ("HUD systems") of infringing claim 1 of the '861 patent and set forth the full text of that claim. Ex. A at 5 (top). The complaint then paraphrased the elements of claim 1 and asserted that the HUD systems include those elements. Ex. A at 5 (bottom).

The defendants filed motions to dismiss the complaint for failure to state a claim in view of Mr. Alexander's conclusory infringement allegations. On September 18, 2023, the court dismissed the case under Rule 12(b)(6). No. CV 22-1488-CFC, 2023 WL 6066563 (D. Del. Sept. 18, 2023) (attached hereto as Exhibit B). In dismissing the case, the court concluded that Mr. Alexander's pleading was deficient because "a plaintiff cannot assert a plausible claim for

---

[1] It is "clearly proper ... to take judicial notice of matters of public record" when deciding a Rule 12(b)(6) motion. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." Ex. B at 2 (citing *Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)).

The court further noted that Mr. Alexander had failed to "take into account that claim 1's requirement that the HUD system have a 'laminate material [that] includes a light emitting material *therein*' [which] is not the same thing as a requirement that the HUD system have 'light emitting materials arranged to provide a display.'" Ex. B at 3. Although the court dismissed the complaint without prejudice, he cautioned Mr. Alexander that filing a similarly deficient amended complaint would lead to sanctions:

> If Plaintiff files an amended complaint without having a good faith basis to allege that there is light emitting material in laminate material found in the HUD systems in Defendants' vehicles, Plaintiff will subject himself to the potential imposition of sanctions. Such sanctions could include an order to pay Defendants' attorney fees and costs.

Ex. B at 4. Mr. Alexander did not file an amended complaint.

## III.    LEGAL STANDARD

While "*[p]ro se* complaints are 'to be liberally construed, and ... held to less stringent standards than formal pleadings drafted by lawyers[,]' … a *pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To assert a plausible claim for patent infringement under the *Iqbal/Twombly* standard,[2] a plaintiff must assert "factual allegations that, when taken as true, articulate why it is plausible that

---

[2] Before their abrogation on December 1, 2015, Federal Rule of Civil Procedure 84 and Form 18 provided a lower pleading standard for patent infringement claims than the standard currently in

the accused product infringes the patent claim." *Bot M8*, 4 F.4th 1342 at 1353. "[I]t is enough that a complaint place the alleged infringer on notice of what activity ... is being accused of infringement." *Id.* (citations and internal quotations omitted). "Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id*. Dismissal with prejudice is appropriate when a claim element "cannot plausibly be construed to include or be the equivalent of" the accused product. *See Ottah*, 884 F.3d at 1141-42.

"It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (citation and internal quotation marks omitted). A claim for indirect infringement thus requires at least "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).[3]

## IV.    ARGUMENT

### A.    The Amended Complaint Fails to State a Claim for Direct Infringement Because It Does Not Articulate Why It Is Plausible that the Accused "'Living Hinge' Products" Infringe Any Claim of the '489 Patent

Paragraphs 7 and 8 of the Amended Complaint purport to identify the products and activities being accused of infringement by referring to what Mr. Alexander calls "'Living Hinge' products":

---

effect. *See Peralta v. California Franchise Tax Bd.*, 673 F. App'x 975, 980 (Fed. Cir. 2016) ("The revised Federal Rules of Civil Procedure entered into effect on December 1, 2015[ … eliminate Rule 84, which had allowed for patent infringement claims to be plead at a lower standard in form pleadings than that espoused in *Twombly*.").

[3] Although one portion of the decision in *Bill of Lading* dealt with Rule 84 and its attendant Form 18, both of which have been abrogated (*supra* note 2), the portion of the decision addressing pleading obligations not governed by Form 18 remains governing precedent. *See Bot M8*, 4 F.4th at 1346.

7. On information and belief, Corning provides certain products that utilize the same patented technology as within the '489 Patent, namely, at least "Living Hinge" products that include high-strength transparent materials (exotic materials such as Gorilla® Glass technology) with embedded OLED films therein and processors connected thereto for displays to be externally viewed.

8. Alexander is informed and believes, and on this basis alleges, that subsequent to June 15, 2021, Corning has continued to make use, sell, and offer for sale throughout the United States such Infringing Products. As an example, Corning specifically has announced Living Hinge products being sold for vehicle dashboards as well as mobile telephones on its own website, http://www.corning.com/us/mobile/phones/. Corning's making, using, selling, offering to sell and importation of the Accused Products into the United States constitutes direct infringement under 35 U.S.C. § 271(a).

Am. Compl., ¶¶7, 8.

The Amended Complaint should be dismissed because it fails to place Corning "on notice for possible direct infringement" of the '489 patent. *See Adnexus Inc. v. Meta Platforms, Inc.*, No. 6:23-CV-152-JKP, 2024 WL 409738, at *4 (W.D. Tex. Feb. 2, 2024) (citation omitted). Mr. Alexander's allegations do not satisfy the *Iqbal*/*Twombly* standard because they do not "articulate why it is plausible that the accused product infringes the patent claim." *See Bot M8*, 4 F.4th at 1353.

As a threshold matter, the Amended Complaint does not identify any allegedly infringed claims. Regardless, claim 1 is the only independent claim. As noted above, Mr. Alexander's failure to state a claim of infringement for claim 1 necessarily means that he has failed to state a claim for any claim of the '489 patent. *See, e.g.*, *Wahpeton*, 870 F.2d at 1553 ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed[.]"); *Ferring*, 764 F.3d at 1411 (2014) ("Because we hold that the asserted independent claims of Ferring's patents are not infringed, the asserted dependent claims are likewise not infringed.").

Mr. Alexander's infringement allegations in paragraphs 7 and 8 of the Amended Complaint

do not mention multiple essential elements of claim 1, such as a "base structure"; "visible letters, numbers, messages, graphic images"; "LED sensors"; a "wireless portable unit with image display;" and a "power console with a smart digital controller." Indeed, the Amended Complaint falls far short of even "reciting the claim elements and merely concluding that the accused product has those elements," which the Federal Circuit has held to be insufficient to state a plausible claim of infringement. *Bot M8*, 4 F.4th 1342 at 1353. Mr. Alexander should know better in view of his Automakers Case, in which the court dismissed his complaint for that very reason, and yet his Amended Complaint against Corning contains even less information than his dismissed complaint in the Automakers Case did.

Beyond providing insufficient information, Mr. Alexander's infringement allegations are affirmatively incorrect and confusing. Paragraph 8 of the Amended Complaint alleges that Living Hinge products have been sold for vehicle dashboards and mobile phones by citing a website address: "As an example, Corning specifically has announced Living Hinge products being sold for vehicle dashboards as well as mobile telephones on its own website, http://www.corning.com/us/mobile/phones/." However, that website address does not reach a working webpage. *See* Screenshot of http://www.corning.com/us/mobile/phones/, captured on Mar. 12, 2025 (attached hereto as Exhibit C).[4]

This District has dismissed patent infringement complaints with more detail than the Amended Complaint here. For example, in *Adnexus*, the Court dismissed with prejudice a patent infringement complaint that described how the nine elements of an exemplary claim 1 were

---

[4] "When a defendant attaches documents to its [Rule 12(b)(6)] motion that are referenced in the complaint and are central to the plaintiff's claims, … the court can … properly consider those documents." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

allegedly infringed by the accused product because the complaint "lack[ed] sufficient factual allegations to support the … limitation set out in" a single element. 2024 WL 409738, at *1, 4 (internal quotations omitted). Similarly, in *De La Vega v. Microsoft Corp.*, the Court dismissed with prejudice a patent infringement complaint that "provide[d] a short description for each limitation in claim 1, all except for the 'coupling' limitation." No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020). And in *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, the Court dismissed a patent infringement complaint that included "a chart that displays the claim language on one side and the accused product details on the other, accompanied by a brief description[ but] … lack[ed] any explanation of the existence of a server despite the claim requiring 'memory in said server accessibly by said [data rendering device]." No. 6:21-CV-01178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023).

Unlike the complaints in those cases, the Amended Complaint here fails to include factual allegations for even one claim limitation and is thus silent as to how Corning directly infringes any claim of the '489 patent. Dismissal is thus appropriate because the Amended Complaint does not put Corning on notice for direct infringement.

**B.    The Amended Complaint Should Be Dismissed with Prejudice Because Additional Amendment Would Be Futile**

Although courts "should freely give leave [to amend] when justice so requires" (Rule 15(a)(2)), courts may deny leave to amend "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (emphasis added). Amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (collecting cases).

Here, amendment would be futile because the claims of the '489 patent "cannot plausibly be construed to include or be the equivalent of" the accused products. *See Ottah*, 884 F.3d at 1141. Claim 1 of the '489 patent is directed to a transparent display device comprising a transparent film. Claim 1 requires in part that "***a transparent film emits organic light emitting diodes and LED sensors***, while further emitting visible letters, numbers, messages, graphic images, and any combination thereof, through said light emitting diodes."  ECF No. 1-1, 5:50-55, element (ii) (emphasis added). The plain language of this element requires that the transparent film emit two things: (1) organic light emitting diodes and LED sensors, which are electronic components, and (2) visible letters, numbers, etc.—which can be formed by light—through the organic light emitting diodes. In other words, the plain language of claim 1 requires a transparent film that casts off electronic components. Practically speaking, and as a matter of common sense, no display devices meet this limitation. Certainly no Corning products do so. And it would thus be futile for Mr. Alexander to amend the complaint.

This case is similar to ones that have been dismissed with prejudice because of the futility of amending the complaint. For example, in *Ottah*, the Federal Circuit affirmed dismissal with prejudice of a *pro se* complaint that asserted infringement of a patent directed to "a removable book holder assembly" by camera holders mounted in vehicles. 884 F.3d at 1137-39. The Court found that "[t]he district court correctly dismissed [the] complaint with prejudice" because "the 'book holder' cannot plausibly be construed to include or be the equivalent of a camera holder." 884 F.3d at 1141-42. In other words, the Court determined that dismissal with prejudice was warranted because the plaintiff could not possibly plead a claim for direct infringement—just as Mr. Alexander cannot, because Corning's Living Hinge technology does not and cannot "emit[] organic light emitting diodes and LED sensors" as the '489 patent's claims require.

Similarly, in *CyboEnergy, Inc. v. Altenergy Power Sys. USA, Inc.*, the alleged infringer moved to dismiss infringement allegations involving patent claims that required "a plurality of power inverters" where "[e]ach of the [accused products] is but a single inverter." No. WA-22-CV-1136-KC, 2023 WL 5968000, at *3, 5 (W.D. Tex. Sept. 13, 2023). The court dismissed the allegations with prejudice because amendment would have been futile: "It is apparent[] … that the [accused products] neither comprise the complete [claimed] system …, nor practice each step of the [claimed] method[.]" *Id*. at *5. The same is true here.

Amendment would be futile because the claims of the '489 patent cannot plausibly be construed to cover Corning's products. Dismissal with prejudice is warranted.

### C.    The Amended Complaint Fails to State a Plausible Claim For Indirect Infringement

"It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Nalco*, 883 F.3d at 1355 (citation and internal quotation marks omitted). A claim for indirect infringement thus requires at least "facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336. As discussed above, Mr. Alexander has failed to allege facts sufficient to plausibly allege direct infringement of any claim of the '489 patent. The indirect infringement claim must also be dismissed.

### V.    CONCLUSION

Corning respectfully requests that the Court grant its motion to dismiss the Amended Complaint with prejudice.

Dated:  March 17, 2025

Respectfully submitted,

*/s/: Janice L. Ta*
Janice L. Ta
Texas State Bar No. 24075138
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Tel: (737) 256-6100

*Attorneys for Defendant Corning Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been

served upon all counsel of record via the Court's CM/ECF system, on March 17, 2025.

/s/: *Janice L. Ta*
Janice L. Ta