## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **JERRY D. ALEXANDER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | No.  6:24-CV-00626-LS |
| | § | |
| **CORNING INCORPORATED,** | § | |
| | § | |
| *Defendant.* | § | |

### ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF NEW YORK

Defendant moves for transfer of this case to the Western District of New York pursuant to 28 U.S.C. § 1404(a).[1] After reviewing the record, listening to the arguments of counsel, and for the reasons stated on the record during the hearing on this matter, this Court grants Defendant's motion to transfer this lawsuit to the Western District of New York.

## I.    LEGAL STANDARD.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[2] The party seeking a transfer must establish good cause to transfer venue by showing "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue."[3]

In determining whether the movant has shown good cause, the court must consider four private-interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of

---

[1] ECF No. 31.
[2] 28 U.S.C. § 1404(a).
[3] *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024).

compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[4] There are also 4 public-interest factors to consider:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[5]

The court must first "ask whether the case 'might have been brought' in the destination venue."[6] Then, the court must weigh the private and public interest factors.[7] "[A] district court abuses its discretion by denying transfer when 'not a single relevant factor favors the [plaintiff's] chosen venue.'"[8]

## II.   ANALYSIS.

The Court conducted an analysis of the private-interest and public-interest factors on the record. The Court would specifically note that *pro se* Plaintiff admirably conceded during the motions hearing that the Western District of Texas had no connection to the issues or parties in this lawsuit and that reason he filed it in this district was because he believes Waco, Texas, is closer to his Memphis home than the Western District of New York. The record bears out that the issues and parties have no relevant connection to the Western District of Texas, and the private-interest and public-interest factors the Court reviewed with the parties during the hearing mandate transfer to the Western District of New York.

---

[4] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

[5] *Id.*

[6] *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (quoting 28 U.S.C. § 1404(a)).

[7] *Id.*

[8] *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quoting *In re Vokswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008)).

Finally, the Fifth Circuit has held that where "[t]he Western District of Texas contains no relevant evidence, is thousands of miles of away from the vast majority of relevant witnesses, and is wholly unconnected to the underlying dispute," and where not a single factor weighs in favor of refusing transfer, a district court clearly abuses its discretion in denying a motion to transfer.[9]

## III.    CONCLUSION.

For these reasons, the Court grants Defendant's motion to transfer [ECF No. 31]. The Clerk of the Court shall transfer this action to the Western District of New York.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 26, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[9] *Id.* at 366.